CONNER v. ASHLEY.

Demurrer—Pleadings.—A complaint is not demurrable when its allegations show that the plaintiff is entitled to some relief, although they show that he is not entitled to the relief prayed for.

Before Earle, J., Barnwell, November, 1896.    Modified.

Action by A. B. Conner against Mary M. Ashley, Harriet J. Ashley, and W. A. Holman, executor.    Defendant demurred.    Demurrer overruled as to the two first and sustained as to the last.    The plaintiff and the defendants, Ashleys, appeal.

*Mr. I. L. Tobin,* for plaintiff.

*Messrs. Patterson & Holman,* for defendants.

June 30, 1897.    The opinion of the Court was delivered by Mr. Justice Gary.    When this case was called for hearing in the Circuit Court, the defendants, M. M. Ashley, H. I. Ashley and W. A. Holman, demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.    The presiding Judge sustained the demurrer as to W. A. Holman, and dismissed the complaint as to him, but overruled the demurrer as to the defendants, M. M. Ashley and H. I. Ashley.    Both the plaintiff and the defendants have appealed from orders of the Circuit Judge, and by consent the appeals were heard together. The complaint is as follows: "The plaintiff, complaining of the above named defendants, alleges: 1. That the plaintiff was at the time hereinafter mentioned, and still is, an attorney and counsellor at law, duly licensed and authorized to practice in the Courts of this State.    2. That William Ashley died in the year 1881, leaving of force his last will and testament, which was duly admitted to probate in the probate court for said county, and the defendant, W. A. Holman, duly qualified as an executor of said will, and was

at the times hereinafter mentioned, and still is, an executor. 3. That in the year 1885 this plaintiff was retained as an attorney and counsellor at law to bring, and did bring, as such attorney, an action on behalf of the defendants, Mary M. Ashley and H. Irene Ashley, who were then infants, against the defendant, Wm. A. Holman, as executor as aforesaid, in this Court, and recovered a judgment in this action in favor of said Mary M. Ashley and H. Irene Ashley against said Wm. A. Holman, as executor as aforesaid, and by an order or decree in said action, said executor was adjudged and ordered to pay into the hands of the master for said county, within ninety days after notice of the filing of said order, the sum of $1,000 for Mary M. Ashley, and $1,000 for H. Irene Ashley; and it was further ordered, that out of the said $2,000 said master should pay over to the plaintiff herein the sum of $500, as a fee for his services as attorney in said action. That notice of the filing of said order was served on W. A. Holman, defendant, on July 16, 1889. 4. That in order to avoid and prevent the payment of said fee to this plaintiff, the defendants herein colluded together, and the said Mary M. Ashley and H. Irene Ashley received a certain sum of money, the amount of which is to the plaintiff unknown, directly from the said Wm. A. Holman, as executor as aforesaid, in settlement and satisfaction of the said sum of $2,000 to be paid under said order into the hands of the said master for them, and released and discharged said Wm. A. Holman, as executor as aforesaid, from all liability under said order, and the said Wm. A. Holman, as executor as aforesaid, has never paid said money into the hands of said master, nor has this plaintiff been paid said sum of $500, so ordered to have been paid him as a fee. 5. That in order to enforce compliance with the said order by the said Wm. A. Holman, this plaintiff, as attorney in said action, obtained a rule issued out of this said Court, requiring the said Wm. A. Holman, as executor as aforesaid, to show cause why he should not be attached for contempt, in failing to comply with the terms of said

order; and it appearing by the return of said Wm. A. Holman, as executor as aforesaid, to said rule, that he had made the settlement directly with the said Mary M. Ashley and H. Irene Ashley, stated in the fourth paragraph of this complaint, said rule was discharged. Wherefore, the plaintiff demands judgment against the defendants for the said sum of $500, together with interest thereon from the 16th day of October, 1889, and the costs and disbursements of this action."

A complaint is not demurrable when its allegations show that the plaintiff is entitled to some relief, although he is not entitled to the relief for which he prays. In this case, the plaintiff prays for a judgment against the defendants for the sum of $500, with interest and costs. While the facts alleged in the complaint do not show that he is entitled to such judgment, they nevertheless show that he is entitled to relief. The complaint charges the defendants with bringing about satisfaction of the judgment therein mentioned through collusion, in order to prevent the payment of his fee. This allegation of fraud gives the Court jurisdiction to exercise its equitable powers, and if the facts are true as alleged (upon which this Court, of course, does not express its opinion), then the satisfaction of the judgment should be declared a nullity, and the plaintiff should be allowed to enforce his rights under said judgment. Having reached the conclusion that the complaint is not obnoxious to the demurrer, this Court deems it advisable not to enter into an extended discussion of the case at this time, as it has not yet been tried upon its merits.

It is the judgment of this Court, that the order of the Circuit Court, overruling the demurrer as to M. M. Ashley and H. I. Ashley, be affirmed, and that the order sustaining the demurrer as to W. A. Holman be reversed.